UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abraham Sigurd Lee,                                   Case No. 22-cv-0287 (WMW/DJF)

                Plaintiff,
                                                              **ORDER**
    v.

Coopers Corner Liquor, Anoka County
Sheriff's Office, Sam Reagan, and Owner
of Business Kelly,

                Defendants.

---

    This matter is before the Court on Defendants' motions to dismiss Plaintiff's complaint alleging civil-rights violations.  (Dkts. 18, 26.)  For the reasons addressed below, Defendants' motions are granted and Plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

    Plaintiff Abraham Sigurd Lee is a resident of New Hope, Minnesota.  Defendants are Coopers Corner Liquor, two of its employees and the Anoka County Sheriff's Office.  Lee commenced this civil-rights action against Defendants on January 31, 2022.  Lee's complaint alleges that, on an unspecified date, the owner and employees of Coopers Corner Liquor "racially profiled" Lee by making false and unsubstantiated accusations about him based on his race.  Although the complaint does not describe the nature of the allegedly false accusations, the complaint appears to allege that the false accusations against Lee pertained to a "criminal matter."  This criminal matter allegedly involved

harassment or threats conveyed by telephone for which Lee was held responsible, apparently due to "mistake[n] identity" based on the "voice recognition of [an] employee." In doing so, the complaint alleges, Coopers Corner Liquor also made "use of law enforcement/Anoka County Sheriff's Department." The complaint does not provide any additional information as to law enforcement's involvement in the alleged racial profiling. Lee seeks $2,500,000 in damages for these alleged violations of his constitutional rights and state law. Defendants move to dismiss Lee's complaint for failure to state a claim on which relief can be granted.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not *prove* his case at the pleading stage, nor do the pleadings require detailed factual allegations to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 805 (8th Cir. 2012) (observing that "specific facts are not necessary" and pleadings "need only give the [opposing party] fair notice of what the claim is and the grounds upon which it rests" (internal quotation marks omitted)). To survive a motion to dismiss, however, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Factual allegations that raise only a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true all of the plaintiff's factual allegations and views them in the light most

favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But legal conclusions couched as factual allegations are not accepted as true. *Twombly*, 550 U.S. at 555. And mere "labels and conclusions" as well as a "formulaic recitation of the elements of a cause of action" fail to state a claim for relief. *Id.* Although a *pro se* plaintiff's complaint must be construed liberally, the complaint must allege sufficient facts to support the plaintiff's claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). And "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Anoka County Sheriff's Office contends that Lee's claims against it must be dismissed because a sheriff's department is not a legal entity and cannot be sued. It is well-established that a county department, including a sheriff's office, is not a legal entity subject to suit. *See Williams v. Pulaski Cnty. Det. Facility*, 278 F. App'x 695, 695 (8th Cir. 2008) (recognizing that a "sheriff's department is not a legal entity and thus is not subject to suit or liability under § 1983"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (same); *see also Flores v. United States*, 689 F.3d 894, 899 n.4 (8th Cir. 2012) (acknowledging that county departments "are not legal entities capable of being sued"). Lee presents no legal authority to the contrary, and the Court is aware of none. Moreover, even if a sheriff's office were subject to suit, Lee's complaint must plausibly allege a connection between Anoka County Sheriff's Office and a violation of Lee's civil rights. The complaint vaguely asserts that Coopers Corner Liquor

3

violated Lee's civil rights and, in doing so, made "use of law enforcement/Anoka County Sheriff's Department." But the complaint alleges no facts to support these general assertions or describe what involvement, if any, Anoka County Sheriff's Office had in the conduct alleged in the complaint.  For these reasons, Lee's complaint fails to state a claim against Anoka County Sheriff's Office.

Coopers Corner Liquor and its employees argue that Lee's vague allegations fail to state a plausible claim against them.  Lee's complaint alleges violations of his civil rights as guaranteed by the Thirteenth Amendment and Fourteenth Amendment to the United States Constitution.[1]  Generally, only state actors may be held liable for constitutional violations because "conduct by private individuals . . . is not proscribed by the Constitution."  *Sabri v. Whittier All.*, 122 F. Supp. 3d 829, 838 (D. Minn. 2015). Private individuals may be deemed state actors only if "ostensibly private conduct . . . can be 'fairly attributable to the state.' "  *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *accord Meier v. St. Louis, Mo.*, 934 F.3d 824, 829 (8th Cir. 2019). Here, Coopers Corner Liquor and its employees are a private business and private individuals who have no alleged connection to any state actor or state action.  Moreover, even if Coopers Corner Liquor and its employees could be deemed to be state actors,

---

[1]     Lee's complaint also cites two Minnesota criminal statutes—namely, Minnesota Statutes Section 609.527(c), which defines terms pertaining to the crime of identity theft, and Minnesota Statutes Section 609.505, which defines falsely reporting that a crime has been committed as a misdemeanor offense.  However, private citizens "do not have standing to enforce criminal statutes or have them enforced."  *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009).  As such, Lee's citation to these statutes cannot state a claim to relief.

Lee's complaint must plausibly allege facts that would establish a violation of Lee's constitutional rights. The complaint vaguely suggests that Defendants falsely accused him of some unspecified criminal conduct. The complaint does not describe when and under what circumstances the Defendants' alleged conduct occurred, what the false accusations pertained to, who made the false accusations, or what consequences Lee suffered as a result of the false accusations. For these reasons, Lee's complaint fails to state a claim against Coopers Corner Liquor or its employees.

Accordingly, Lee's complaint must be dismissed without prejudice for failure to state a claim on which relief can be granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss, (Dkts. 18, 26), are **GRANTED** and Plaintiff's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 3, 2022                               s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge